UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REES ASSOCIATES, INC.,
an Oklahoma corporation,

    Plaintiff,

v.                                                          Case No.: 8:09-cv-1413-T-26EAJ

SENIOR CARE INTERNATIONAL, LLC,
a Florida limited liability corporation,
Individually, and by and through its
Managers, DAVID R. VAUGHAN and
SENIOR CARE INTERNATIONAL, INC.,
n/k/a SENIOR INTERNATIONAL
SERVICES, INC., a Florida corporation,
BERTRAM A. THOMAS, individually,
BERT THOMAS, A.I.A., P.A., and
DAVID R. VAUGHAN, Individually,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Senior Care International, LLC, ("Senior Care") Senior Care International, Inc., n/k/a Senior International Services, Inc.("Senior International") and David R. Vaughan ("Vaughan"), by and through its undersigned counsel, respond to the correspondingly numbered paragraphs of Plaintiff's Complaint and asserts its affirmative defenses as follows:

    1.    Without knowledge, therefore denied.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Denied.

10. Denied.

11. Without knowledge, therefore denied.

12. Admitted.

13. Admitted that Thomas resides in the district; otherwise denied.

14. Admitted that Burt Thomas, P.A. resides in the district; otherwise denied.

15. Admitted that Senior Care resides in the district; otherwise denied.

16. Admitted that Senior International resides in the district; otherwise denied.

17. Admitted that Vaughan resides in the district; otherwise denied.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Denied that the plans are infringing; otherwise admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT I: COPYRIGHT INFRINGEMENT AGAINST BERT THOMAS, P.A.

52.-55. These allegations do not relate to these defendants, therefore, these defendants have no response.

## COUNT II: COPYRIGHT INFRINGEMENT AGAINST THOMAS

56.-59. These allegations do not relate to these defendants, therefore, these defendants have no response.

## COUNT III: COPYRIGHT INFRINGEMENT AGAINST SENIOR CARE

60. Defendants incorporate their responses in paragraphs 1 through 51 above.

61. Denied.

62. Denied.

63. Denied.

## COUNT IV: COPYRIGHT INFRINGEMENT AGAINST VAUGHAN

64. The defendants incorporate their responses in paragraphs 1 through 51 above.

65. Denied.

66. Denied.

67. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred by its failure to mitigate damages.

### Second Affirmative Defense

Plaintiff's claims for copyright infringement are barred because the alleged designs, works, schematics and floor plans which are the subject of plaintiff's claims are not original work by plaintiff but rather are a derivative work from prior architectural plans owned by the defendant Senior Care.

### Third Affirmative Defense

Plaintiff should be estopped from claiming copyright infringement because the various architectural designs, works, schematics and floor plans which are the subject of plaintiff's

4

claims were created by plaintiff in part through the use of prior architectural plan owned by the defendant Senior Care.

### Fourth Affirmative Defense

Plaintiff has waived any right to seek damages for copyright infringement to the extent that plaintiff has been paid by the defendants for the use of any architectural designs, works, schematics and floor plans prepared by Rees for the subject project.

### Fifth Affirmative Defense

Plaintiff's claim for copyright infringement should be barred because plaintiff granted the defendants a non-exclusive license to use the architectural designs, works, schematics and floor plans for the subject project.

### Sixth Affirmative Defense

Plaintiff's claim for copyright infringement should be barred because plaintiff has granted the defendants an implied license to use the architectural designs, works, schematics and floor plans prepared by plaintiff for the subject project.

### Seventh Affirmative Defense

The Reese copyrights lack originality and therefore the copyrights are invalid and unenforceable.

### Eighth Affirmative Defense

Because the alleged infringing works were the product of an independent creation, plaintiff's copyright claims are barred.

### Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent of misrepresentations and material omissions made by the plaintiff and/or as authorized agent to the Copyright Office,

including, without limitation, misrepresentations and material omissions concerning authorship, creation, publication, originality, authority and/or ownership to the works registered.

### Tenth Affirmative Defense

To the extent the complaint seeks regress for damages under 17 U.S.C.§ 504(c), that accrued prior to April 22, 2009, plaintiff is limited to actual damages and plaintiff is not entitled to statutory damages.

### Eleventh Affirmative Defense

To the extent the complaint seeks recovery for attorneys' fees and costs under 17 U.S.C. § 504, plaintiff is barred from an award of attorneys' fees under 17 U.S.C. § 412(2) because the alleged infringement of copyright commenced after first publication of the works and before the effective date of registration, on April 22, 2009.

### Twelfth Affirmative Defense

To the extent plaintiff's complaint sets forth claims based on vicarious liability, those claims fail because these defendants do not have a direct financial interest in any copyright infringing act.

### Thirteenth Affirmative Defense

To the extent that plaintiff's complaint seeks claims based on vicarious liability, those claims should fail because these defendants did not authorize any person or entity to act on its behalf in any trademark infringing act.

### Fourteenth Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Fifteenth Affirmative Defense

Plaintiff's claim for copyright infringement is barred because the plaintiff's architectural designs, works, schematics and floor plans are not substantially similar to those utilized on the

project. To the extent any similarity is found, plaintiff's claim is barred because any such similarity does not extend beyond basic and preliminary concepts and ideas which are not protected under the law.

### Sixteenth Affirmative Defense

By intentionally choosing to not utilize the industry standard architectural agreement, which revokes the owner's non-exclusive license to use the project drawings upon the termination of the architect, and instead entering into an architectural agreement which was silent on the issue, plaintiff is barred from now claiming that the parties did not intend for the drawings to be used for the completion of the project.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Statute of Limitations.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the differences between plaintiff's alleged copyrights works and the architectural designs, plans and drawings created by the architect of record for the project "so outweigh the similarities that the similarities can only be deemed inconsequential within the total concept of the copyrighted work". *See, Lifetime Homes Inc. v. Residential Development Corp.*, 510 F. Supp.2d 795, 804 (M.D. Fla. 2007).

### Nineteenth Affirmative Defense

Plaintiff's architectural drawings, plans and/or designs were not copyrightable under the copyright laws as plaintiff's common law copyright was lost through publication and plaintiff's works were in the public domain prior to plaintiff's acquisition of the statutory copyright.

### Twentieth Affirmative Defense

Plaintiff's claims are barred because plaintiff voluntarily abandoned its copyright by circulating copies of its plans and/or drawings of the project to defendants and to others in

connection with obtaining financing for the Camilla Place Project n/k/a Bridges of Winthrop Project, without warning or disclosing to the defendants that the plans were protected by copyright of any sort and without providing a notice of copyright to those defendants.

### Twenty First Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of latches, estoppel, acquiescence and waiver. Pursuant to the allegations in plaintiff's complaint, plaintiff knew or should as a reasonable person have known that the Senior Care/Vaughan defendants were allegedly violating plaintiff's rights at the time the defendants allegedly "improperly terminated" plaintiff's contract and retained the Thomas defendants. Despite this knowledge, plaintiff allowed the defendants Senior Care/Vaughan to retain Thomas defendants to provide architectural and engineering design services for the Bridges at Winthrop project and file allegedly infringing plans for that project with the proper offices in order to obtain building permits, and then did nothing while the assisting living facility and clubhouse were built. Plaintiff filed the subject lawsuit over two years after the allegedly infringing plans were made public and did not seek to obtain copyright protection for its designs until only three months prior to filing the above-referenced lawsuit. The Thomas defendants and Senior Care/Vaughan defendants relied upon plaintiff's silence and failure to diligently protect its alleged rights under the copyright laws as either acquiescence to defendants' conduct and use of its plans as alleged in the complaint and/or waiver of plaintiff's alleged rights under the copyright law.

## RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

Defendants reserve the right to supplement or amend their affirmative defenses as discovery in this case is ongoing.

s/Frederick J. Grady
Frederick J. Grady
Florida Bar No. 437980
fred.grady@hklaw.com
Natalie P. Thomas
Florida Bar No. 147680
natalie.thomas@hklaw.com
HOLLAND & KNIGHT LLP
P. O. Box 1288
Tampa, FL 33601
(813) 227-8500
(813) 229-0134 (fax)
Counsel for Senior Care and Vaughan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2009, I electronically filed the foregoing document with Clerk of the Court using CM/ECF which will send a notice of electronic filing to the following: William H. Beaver, II, Esquire, Gray Robinson, P.A., 301 E. Pine Street, Suite 1400, Orlando, FL 32802-3068.

s/Frederick J. Grady
Attorney

# 8778863_v1